UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

<u>DECISION AND ORDER</u>

12-CR-6006L

         v.

ALONZO PERKINS,

                          Defendant.
_____

Defendant Alonzo Perkins ("Perkins") has been indicted on firearms and marijuana possession offenses. This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Perkins filed a motion to suppress physical evidence and statements made by Perkins during and after the search of his residence on Love Street, in Rochester, New York on July 12, 2011.

Magistrate Judge Feldman conducted a suppression hearing at which four witnesses testified. After the Magistrate Judge concluded the hearing and received post-hearing briefs, he issued a thorough Report and Recommendation (Dkt. #45). The Magistrate Judge recommended that this Court deny Perkins' motion to suppress physical evidence. As to the motion to suppress statements, the Magistrate Judge recommended granting the motion as to statements Perkins made at his residence but recommended denying the motion to suppress statements made later at the Rochester Police Department's Public Safety Building.

Defendant has filed objections to the Magistrate Judge's Report and Recommendation (Dkt. #46). The Government, by letter dated November 1, 2013, advised that it did not object to the Magistrate Judge's Report and Recommendation.

I have reviewed the Magistrate Judge's Report and Recommendation, the objections filed to it, as well as the transcript of the suppression hearing (Dkt. #26) which has been prepared for my review.

I find no reason to alter, modify or reject the Magistrate Judge's thorough Report and Recommendation. I agree with his analysis of the facts and the law and conclude, as did he, that there is no basis to suppress physical evidence discovered and that although statements made by Perkins at the scene, which were made without the benefit of having received *Miranda* warnings, should be suppressed, there is no reason to suppress later statements made by Perkins at the Public Safety Building.

Perkins was on New York State parole on July 12, 2011, when State parole officers and other law enforcement officers conducted a parole search at Perkins' residence. I agree with the Magistrate Judge that the objections to the search are not sound. Perkins was on parole and, as the Magistrate Judge points out in the Report and Recommendation, such an individual has a diminished expectation of privacy because of his status as a parolee.

As a condition of parole, Perkins had signed a document acknowledging the parole conditions which included the right to search his residence. Since the search was related to the officer's duties as Perkins' parole officer, there is no basis for Perkins' objection to the search and discovery of the marijuana and firearm. *See United States v. Newton,* 369 F.3d 659, 665 (2d Cir. 2004).

Several statements were made by Perkins. The first was when Perkins was confronted by one of the officers with the incriminating items found during the search. The second was a statement made by Perkins as he was being removed from the premises while in custody. Finally, the third statement was made at the Public Safety Building later in the day. Only two of the statements, the second and third, are in issue. The Government has conceded in its post hearing brief that the first statement was made while Perkins was in custody and had not received *Miranda* warnings. In view of that concession, the Magistrate Judge recommended suppression of that statement.

The Government contended that the second statement made by Perkins as he was being removed from his residence was admissible as a spontaneous statement. The Magistrate Judge, however, disagreed and found that the conduct was tantamount to "interrogation" since he found that the words and conduct of the officers was "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis,* 446 U.S. 291, 302 (1980). The Magistrate Judge carefully considered the facts here and the law on the issue and determined that suppression was warranted as to statements Perkins made on his way out of the residence. The Government, now, does not object to that finding. I agree with the Magistrate Judge's assessment and conclude that all statements made by Perkins at his residence should be suppressed.

The only remaining issue is whether later statements which were made by Perkins at the Public Safety Building are somehow tainted or constitute the illegal fruit of what occurred before. There is nothing inappropriate about the search so the issue turns on whether the suppression of the prior statements somehow precludes admission of the later statements which were made after Perkins had received full *Miranda* warnings.

Magistrate Judge Feldman determined there was no taint. He found no evidence that the later confession or statement was involuntary and that there was no evidence of any coercive police tactics. Under the totality of all the circumstances, I find, as did the Magistrate Judge, that what occurred at the Public Safety Building was entirely separate from what occurred at Perkins' residence. Perkins received full and careful *Miranda* warnings which Perkins does not dispute. I, therefore, concur with the Magistrate Judge's assessment that Perkins voluntary statements at the Public Safety Building are admissible at trial.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #45). I, therefore, deny defendant's motion to suppress physical evidence; I deny defendant's motion to suppress statements made at the Rochester Police Department

Public Safety Building, but I grant defendant's motion to suppress the two statements made by defendant at the scene of his residence during his arrest.

    IT IS SO ORDERED.

                                            _____
                                            DAVID G. LARIMER
                                            United States District Judge

Dated: Rochester, New York
       November 21, 2013.